**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ECHARGE LICENSING LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 10-CV-8287 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| STARBUCKS CORPORATION ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGMENT**

Plaintiff eCharge Licensing LLC ("eCharge") complains of defendant Starbucks Corporation ("Starbucks") as follows:

**THE PARTIES**

1. Plaintiff eCharge is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 35, Northbrook, Illinois. eCharge is the exclusive licensee and holder of all substantial rights to U.S. Patent Numbers 6,308,890, 6,764,005, 7,530,495, and 7,828,207, referred to below collectively as the "eCharge Patents." eCharge has standing to sue for infringement of the eCharge Patents.

2. Defendant Starbucks is a Washington State corporation having a principal place of business in Seattle, Washington. Starbucks provides its customers the Starbucks Card Mobile application, aspects of which eCharge contends infringe the eCharge Patents as alleged below. The Card Mobile application runs on consumers' smart phones and like devices (such as the Apple iPhone).

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

4.  Starbucks has regularly engaged in business in the State of Illinois and purposely availed itself of the privilege of conducting business in the State of Illinois and this judicial district, for example, by selling high-end coffee and related goods at its Chicago area stores, by providing its customers in this judicial district with the Card Mobile application, and facilitating its use at its Chicago area stores. Accordingly, this Court has personal jurisdiction over Starbucks, and venue is proper in this Court under 28 U.S.C. § 1391(c) and/or 1400(b).

## FACTUAL BACKGROUND

5.  Starbucks has been aware of the eCharge Patents since at least approximately June 14, 2010, the date of a Notice of Infringement sent to Starbucks on behalf of the eCharge's predecessor-in-interest. The Notice of Infringement included infringement claim charts for at least the '890, '005 and '495 patents. The Notice of Infringement further included a copy of the published application corresponding to the '207 patent (U.S. Pub. App. 2009/0173785). At least claim 1 of the '207 patent is identical to claim 1 in the published application. The '207 patent eventually issued on November 9, 2010.

6.  Starbucks purported to deny infringement in a letter dated July 29, 2010 by relying on claim limitations that do not, in fact, exist. In particular, Starbucks stated "it is clear from the face of these patents that they are limited to a credit card or universal

credit card apparatus that includes a magnetic coil or strip for transferring account information." None of the patent claims asserted in the Notice of Infringement contained limitations directed to a magnetic coil or strip for transferring account information. The Starbucks pretext for continuing its infringement was at least reckless in this way. Accordingly, infringement after receipt of the Notice of Infringement has been intentional and willful.

## COUNT I

## PATENT INFRINGEMENT OF THE '890 PATENT

7. eCharge hereby incorporates paragraphs 1-6 above by reference.

8. Starbucks has infringed at least one claim of the '890 patent through, among other activities, making, using, offering to sell, and/or selling the Card Mobile application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Starbucks. Starbucks has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Starbucks has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Card Mobile application, which is a staple article of commerce not capable of substantial noninfringing use.

9. Starbucks' infringement of the '890 patent has been and continues to be willful and deliberate.

10. As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT II

### PATENT INFRINGEMENT OF THE '005 PATENT

11. eCharge hereby incorporates paragraphs 1-10 above by reference.

12. Starbucks has infringed at least one claim of the '005 patent through, among other activities, making, using, offering to sell, and/or selling the Card Mobile application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Starbucks. Starbucks has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Starbucks has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Card Mobile application, which is a staple article of commerce not capable of substantial noninfringing use.

13. Starbucks' infringement of the '005 patent has been and continues to be willful and deliberate.

14.     As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT III

## PATENT INFRINGEMENT OF THE '495 PATENT

15.     eCharge hereby incorporates paragraphs 1-14 above by reference.

16.     Starbucks has infringed at least one claim of the '495 patent through, among other activities, making, using, offering to sell, and/or selling the Card Mobile application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Starbucks. Starbucks has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Starbucks has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Card Mobile application, which is a staple article of commerce not capable of substantial noninfringing use.

17.     Starbucks' infringement of the '495 patent has been and continues to be willful and deliberate.

18.     As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT IV

## PATENT INFRINGEMENT OF THE '207 PATENT

19.     eCharge hereby incorporates paragraphs 1-18 above by reference.

20.     Starbucks has infringed at least one claim of the '207 patent through, among other activities, making, using, offering to sell, and/or selling the Card Mobile application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Starbucks. Starbucks has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Starbucks has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Card Mobile application, which is a staple article of commerce not capable of substantial noninfringing use.

21.     Starbucks' infringement of the '207 patent has been and continues to be willful and deliberate.

22. As a direct and proximate consequence of the infringement, eCharge has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT V

## INFRINGEMENT OF PROVISIONAL RIGHTS, '207 PATENT

23. eCharge hereby incorporates paragraphs 1-22 above by reference.

24. Starbucks has infringed eCharge's provisional rights in the '207 patent through, among other activities, making, using, offering to sell, and/or selling the Card Mobile application, which in use converts a smart phone (or like device) into a universal credit card apparatus as claimed. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Starbucks. Starbucks has had actual knowledge of such provisional rights, at least from about June 14, 2010, when Starbucks received a copy of the published application containing an identical claim 1 to claim 1 of the later-issuing '207 patent.

25. Starbucks' infringement of the provisional rights in the '207 patent has been and continues to be willful and deliberate.

26. As a direct and proximate consequence of the infringement, eCharge has been injured in its business and property rights, and has suffered injury and damages for which it is entitled to relief under 35 U.S.C. § 154 adequate to compensate for such infringement, in the form of a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff eCharge asks this Court to enter judgment against Starbucks and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. An award of damages adequate to compensate eCharge for the infringement that has occurred, together with prejudgment interest from the date infringement of the eCharge Patents began and statutory costs;

B. An award to eCharge of all remedies available under 35 U.S.C. § 284;

C. An award to eCharge of all remedies available under 35 U.S.C. § 285;

D. An award to eCharge of all remedies available under 35 U.S.C. § 154;

E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '890, '005, '495 and '207 patents; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

**JURY DEMAND**

eCharge demands a trial by jury on all issues so triable.

Dated: December 30, 2010

eCharge Licensing LLC


By: /s/ Robert P. Greenspoon
Robert P. Greenspoon
William W. Flachsbart
FLACHSBART & GREENSPOON, LLC
333 North Michigan Avenue, Ste 2700

Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501

**Attorneys for Plaintiff**
**eCharge Licensing LLC**