IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ECHARGE LICENSING LCC<br><br>            Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION<br><br>            Defendant. | Civil Action No. 10-cv-8287<br><br>Judge: Gary Feinerman<br>Magistrate Judge: Sheila M. Finnegan |

## INITIAL STATUS REPORT

**A.**    **Nature of the Case**

1. Attorneys of record, and lead trial counsel, for each party.

| | |
|---|---|
| Robert P. Greenspoon (lead)<br>Sarah J. Duda<br>FLACHSBART & GREENSPOON, LLC<br>333 North Michigan Avenue, Ste 2700<br>Chicago, IL 60601<br>T: 312-551-9500<br>F: 312-551-9501<br>**Attorneys for Plaintiff**<br>**eCharge Licensing LLC** | Bruce C. Piontkowski (lead)<br>Curtis R. Tingley<br>TINGLEY PIONTKOWSKI LLP<br>10 Almaden Blvd., Suite 430<br>San Jose, CA 95113<br>T: 408-283-7000<br>F: 408-283-7010<br><br>Arne M. Olson<br>Matthew D. Kellam<br>OLSON & CEPURITIS, LTD.<br>20 North Wacker Dr., 36th Floor<br>Chicago, IL 60606<br>T: 312-580-1180<br>F: 312-580-1189<br>**Attorneys for Defendant**<br>**Starbucks Corporation** |

2. Basis for federal jurisdiction.

      This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

Plaintiff:

This is a patent case asserting that Starbucks infringes U.S. Patent Numbers 6,308,890, 6,764,005, 7,530,495, and 7,828,207. These patents claim inventions related to universal credit card systems and apparatus. Plaintiff asserts that Starbucks' Card Mobile application infringes various claims. The amount of damages is unknown without discovery. Plaintiff seeks the following relief:

A. An award of damages adequate to compensate eCharge for the infringement that has occurred, together with prejudgment interest from the date infringement of the eCharge Patents began and statutory costs;
B. An award to eCharge of all remedies available under 35 U.S.C. § 284;
C. An award to eCharge of all remedies available under 35 U.S.C. § 285;
D. An award to eCharge of all remedies available under 35 U.S.C. § 154;
E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '890, '005, '495 and '207 patents; and,
F. Such other and further relief as this Court or a jury may deem proper and just.

Defendant:

Starbucks denies Plaintiff's allegations of infringement, and counterclaims for declaratory judgment that the asserted patents are invalid, not infringed, and unenforceable. Starbucks seeks the following relief:

A. That Plaintiff takes nothing by reason of their Complaint, and that the Complaint be dismissed with prejudice;
B. That Starbucks be awarded the costs of suit and reasonable attorneys' fees incurred in connection with the defense of this action and in pursuing its counterclaims;
C. That the Court declare that Starbucks has not infringed the asserted patents;
D. That the Court declare that the accused products do not infringe any claim of the asserted patents, either directly (including literally or under the doctrine of equivalents) or indirectly.
E. That the Court declare that the asserted patents are invalid and unenforceable;
F. Such other and further relief that this Court or a jury may deem proper and just.

4. Whether the defendant will answer the complaint, or, alternatively, whether the defendant will otherwise plead to the complaint.

Starbucks intends to answer the complaint, and Plaintiff has consented to an extension of time for Starbucks to file its Answer. Starbucks intends to plead counterclaims as discussed above.

5. Principal legal and factual issues.

A. Infringement

  B.  Damages
  C.  Patent Validity and Enforceability

6. Which defendants have been served with process, which defendants have not been served, and the status efforts to effect service on the unserved defendants.

  Defendant has been served.

**B.  Proceedings to Date**

1. Summary of all substantive rulings (including discovery rulings) to date.

  None.

2. Description of all pending motions, including date of filing and briefing schedule.

  None.

**C.  Discovery and Case Plan**

1. Summary of discovery, formal and informal, that has already occurred.

  None.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

  The parties expect discovery will include ESI, and will negotiate appropriate parameters for its collection and production.

3. Proposed scheduling order.

  Operation of the Local Patent Rules results in November 9, 2011 being the initial fact discovery close date, and January 25, 2012 as the date by which a claim construction hearing "may be held." If the Local Patent Rule dates are not shortened, an August 2012 trial date will align with all Local Patent Rule deadlines.

a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

  Same as discovery commencement date: March 23, 2011.

b. Deadline for issuing written discovery requests.

  Seven weeks before initial close of fact discovery: September 21, 2011.

c. Deadline for completing fact discovery.

      As per Local Patent Rules: November 9, 2011.

d. Whether discovery should proceed in phases.

      As per Local Patent Rule 3.6: willfulness discovery phased after claim construction ruling.

e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.

      As per Local Patent Rules: Reports 63 days after claim construction ruling; rebuttals 98 days after; depositions complete 133 days after.

f. Deadline for amending the pleadings and bringing in other parties.

      April 29, 2011 (or later)

g. Deadline for filing dispositive motions.

      As per Local Patent Rules: 161 days after claim construction ruling.

4. Whether there has been a jury demand.

      Both parties have demanded a jury.

5. Estimated length of trial.

      Plaintiff estimates trial will last 5-10 days. Starbucks estimates that trial could take up to 15 days, and some issues could require a bench trial.

**D.**    **Settlement**

1. Describe settlement discussions to date and whether those discussions remain ongoing.

      The parties have not discussed settlement. One party requested such discussions, but has not received a response from the other party. The parties are hopeful that initial settlement discussions will occur shortly.

2. Whether the parties request a settlement conference.

      The parties have not begun the discussions that one of the parties requested. Depending on whether and how those discussions occur, the parties might request a settlement conference.

E.  **Magistrate Judge**

1. Whether the parties consent to proceed before a magistrate judge for all purposes.

>   The parties do not consent to proceed before a magistrate judge for all purposes at this time.

2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

>   None.

F.  **Other Items From Appendix A of Local Patent Rules**

>   1. The parties agree that drafts of expert reports will not be retained and produced.

>   2. The parties agree that the video "An Introduction to the Patent System" distributed by the Federal Judicial Center should be shown to the jurors in connection with its preliminary jury instructions.

>   3. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g. "prior art," best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

>   4. Maximum number of factual depositions for each party: 10

>   5. Limit on the length of depositions, in hours: 7

>   6. The number of interrogatories and requests for admission shall be governed by the limits set forth in the Federal Rules of Civil Procedure.

Dated: February 25, 2011                                  Respectfully submitted,

>   /s/ Robert P. Greenspoon
>   Robert P. Greenspoon
>   William W. Flachsbart
>   Sarah J. Duda
>   Flachsbart & Greenspoon, LLC
>   333 N. Michigan Ave., 27th Floor
>   Chicago, IL 60601
>   Phone: 312-551-9500
>   Fax: 312-551-9501
>   wwf@fg-law.com

5

rpg@fg-law.com
sjd@fg-law.com

Counsel for Plaintiff eCharge Licensing

/s/ Bruce C. Piontkowski
Bruce C. Piontkowski
Curtis R. Tingley
TINGLEY PIONTKOWSKI LLP
10 Almaden Blvd., Suite 430
San Jose, CA 95113
T:   408-283-7000
F:   408-283-7010

Arne M. Olson
Matthew D. Kellam
OLSON & CEPURITIS, LTD.
20 North Wacker Dr., 36th Floor
Chicago, IL 60606
T:  312-580-1180
F:  312-580-1189

Attorneys for Defendant Starbucks Corporation

**CERTIFICATE OF SERVICE**

  The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document was served upon the below-listed counsel as indicated:

**Via E-mail**

Bruce Piontkowski
Tingley Piontkowski, LLP
10 Almaden Blvd., Suite 430
San Jose, CA 95113
BPiontkowski@tingleyllp.com

Attorney for Defendant Starbucks Corporation


Dated: February 25, 2011     /s/ Robert P. Greenspoon
               Robert P. Greenspoon